IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| POLYCOM, INC. and POLYCOM ISRAEL, LTD. | § § § | |
| V. | § § | No.  2:05CV520 |
| CODIAN LTD. and CODIAN INC. | § § | |

## ORDER

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for Assignment of Duties to United States Magistrate Judges, Polycom's Motion to Compel Discovery Relating to Accused Codian Products (Docket Entry # 53) was referred to the Honorable Caroline M. Craven for the purposes of hearing and determining said motion.  The Court, having reviewed the relevant briefing and hearing arguments of counsel,[1] is of the opinion Plaintiff's motion should be **GRANTED IN PART and DENIED IN PART**.

### I.  BACKGROUND

On November 15, 2005, Polycom, Inc. and Polycom Israel, Ltd. ("Plaintiffs") filed this patent infringement suit against Codian Ltd. and Codian Inc. ("Defendants"), alleging infringement of six patents.

### II.  PLAINTIFFS' MOTION TO COMPEL

In its current motion, Plaintiffs requests the Court compel Defendants to (1) produce documents and written discovery responses regarding all of Defendants' accused instrumentalities; (2) serve interrogatory responses setting forth the factual basis for Defendants' noninfringement positions and other affirmative defenses; and (3) provide Plaintiffs with a native, electronic copy of

---

[1] The Court conducted a hearing on Polycom's motion on January 17, 2007.

Defendants' source code, to be maintained in confidence at the offices of Plaintiffs' litigation counsel.

In response, Defendants address the three disputed areas raised in Plaintiffs' motion. First, Defendants state they have always been willing to produce documents related to additional products if Plaintiffs amend their complaint to accuse those products. According to Defendants, during an in-person meet and confer, Plaintiffs agreed they would amend their complaint. Defendants assert Plaintiffs failed to do so, and the time to amend has lapsed. Therefore, Defendants contend Plaintiffs are not entitled to discovery on the additional products.

Regarding source code, Defendants maintain it has produced a printed version of the code in accordance with the local rules, and also a native, electronic version of its source code. Defendants state Plaintiffs' experts have spent several weeks inspecting the electronic version of the code, and Plaintiffs' request that the source code be produced at its counsel's office in Los Angeles, is unreasonable because the action and the parties have no connection to Los Angeles.

Finally, regarding interrogatories, Defendants assert Plaintiffs ignore the parties' agreement that there would be a simultaneous exchange of supplemental interrogatory responses, with a date to be agreed upon. According to Defendants, this issue is moot because the parties have now agreed on a date for the mutual exchange of supplemental interrogatory responses.

### III.  APPLICABLE LAW

FED. R. CIV. P. 26(b)(1) provides parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. All discovery is subject to the limitations imposed by Rule 26(b)(2)(I), (ii), and (iii). Specifically, Rule 26(b)(2)(iii) allows the Court to limit discovery if the burden or expense of the proposed discovery outweighs the likely

benefits of the discovery, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Local Rule CV-26(d) provides guidance in evaluating whether a particular piece of information is "relevant to the claim or defense of any party." Rule 26(d) provides, in pertinent part, as follows: (1) information is relevant if it is information likely to have an influence on or affect the outcome of a claims or defense; (2) information is relevant if it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense; and (3) information is relevant if it is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate or try a claim or defense.

## IV. DISCUSSION

**A.      Accused Products**

Plaintiffs served document requests and interrogatories regarding Defendants' videoconferencing products, including the MCU 4200, MSE 8000, and IP VCR 2200 products. In response to the discovery requests, Defendants objected that Plaintiffs sought to include products that were not accused by name in Plaintiffs' complaint. Defendants produced discovery only regarding the MCU 4200.

On May 23, 2006, Plaintiffs served its Patent Rule 3-1 Disclosure of Asserted Claims and Preliminary Infringement Contentions ("PICs"). In its PICs, Plaintiffs named Defendants' MCU 4200, MSE 8000, and IP VCR 2200 products as accused instrumentalities. When the parties met and conferred in person on June 27, 2006, Defendants stated than an accusation in the PICs was not enough and that it would not produce information about any products other than the MCU 4200

unless Plaintiffs amended their complaint to specifically include other products.  Defendants assert Plaintiffs agreed to amend their complaint, and they have failed to do so.  Thus, according to Defendants, Plaintiffs are not entitled to discovery on the additional products.

The Court does not have sufficient evidence before it to decide with any degree of certainty whether there was an agreement regarding Plaintiffs' amending their complaint to include the two additional products.   In any event, assuming an agreement had been reached, the Court would not necessarily be bound by such an agreement.

The Court is not convinced Plaintiffs are required to amend their complaint to specifically include the MSE 8000 and IP VCR 2200 products as accused instrumentalities in order to seek relevant discovery on those products as accused products.  Plaintiffs' complaint provides that the MCU 4200 was not necessarily the only product Plaintiffs might accuse of infringement.  Specifically, Plaintiffs' Second Amended Complaint alleges that Defendants' "videoconferencing products," "including **but not limited to** the MCU 4200 series of multipoint control units," infringe Plaintiffs' asserted patents (Second Amended Complaint ¶¶ 16-19 & 26-27)(emphasis added).

Defendants argue there will be a slippery slope if products are allowed to be introduced into the case by virtue of the products being accused in the PICs without being included in the complaint.  The Court does not agree.  The fact Plaintiffs are allowed to seek leave to amend their infringement contentions does not guarantee the new contentions will be allowed; this argument overlooks Plaintiffs' burden.

Defendants relies on this Court's decision in *Caritas Technologies, Inc. v. Comcast Corporation*, Cause No. 2:05cv339 (U.S. D.C. Eastern District of Texas, Marshall Division).  In that case, Caritas sought discovery regarding systems that were not accused in the complaint of

4

infringement. Comcast objected to Caritas' attempt to seek discovery into non-accused systems. The Court concluded as follows:

> The Court agrees with Comcast that information regarding services other than its Digital Voice service is not relevant at this time. Caritas only has the right to discover information regarding the alleged infringing service, not the right to discover information on whether it should assert a claim of infringement regarding other services. Therefore, this objection is sustained.

Order dated February 9, 2006 at pgs. 8-9.

The Court finds the situation in *Caritas* distinguishable from the situation currently before it. Importantly, in *Caritas*, the Court specifically noted that Caritas had not accused other services of infringing nor had it listed other services in its preliminary infringement contentions. *Id.* at pg. 8 ("Because Caritas has not accused other services of infringing or listed other services in its preliminary infringement contentions, Comcast asserts it should not be compelled to provide responses regarding other services."). Here, the MSE 8000 and IP VCR 2200 products were included within Plaintiffs' PICs.

The Court finds the requested discovery on the MSE 8000 and IP VCR 220 relevant to the claims and defenses involved in this lawsuit. The Court finds no significant burden to Defendants by requiring them to produce the requested discovery. Accordingly, this portion of Plaintiffs' motion is granted. To the extent they have not already done so, within thirty days from the date of entry of this Order, Defendants shall produce to Plaintiffs documents and written discovery responses regarding the MCU 4200, MSE 8000, and IP VCR 2200 accused products.

**B.      Source Code**

Plaintiffs also request the Court utilize the procedure from *Integraph Hardware Technologies Co. v. Dell Computer Corp., et al.*, Cause No. 2:02cv312 (U.S. D.C. Eastern District of Texas,

Marshall Division). There, District Judge T. John Ward entered a protective order featuring provisions for the production of source code on "stand-alone" computers at secure locations at the offices of counsel for Integraph, Dell, HP, and Gateway. Order dated October 23, 2003 at pg. 8. Alternatively, Plaintiffs request the source code be produced at its counsel's office in Los Angeles.

In response, Defendants first assert it has produced to Plaintiffs an electronic version of the source code, and Plaintiffs' consultants have been inspecting the code for several months. Defendants emphasize the security risk involved with Plaintiffs' requests, stating their source code contains a "great deal of [Defendants'] intellectual property" and source code is "easily copied or stolen."[2]

Defendants further assert Plaintiffs' alternative request that the source code be made available at Defendants' counsel's Los Angeles office is unreasonable for several reasons. First, Defendants contend the electronic source code is more secure in Defendants' Palo Alto office. Defendants state there is no one in the Los Angeles office working on this case, and this case has no connection to Los Angeles. In addition, Defendants focus on the burden imposed upon them by Plaintiffs' request, asserting it will be burdensome and costly to require Defendants to move and secure the source code in Los Angeles. The Court agrees.

Plaintiffs' consultants have been inspecting the electronic source code for several months in Defendants' counsel's Palo Alto office. There is no one in Defendants' counsel's Los Angeles office working on this case. Two of the parties, Polycom Inc. and Codian Inc., are located in the San Francisco Bay area. Codian Ltd., the only party in possession of the source code, is located in England. Codian Inc. has only one sales representative in Southern California, and it does not have

---

[2] Defendants' response at pg. 5.

any employees or facilities in Los Angeles. Considering no party or issue in this case has any connection to Los Angeles and further considering Defendants' security concerns, the Court is not convinced the procedure utilized in *Integraph*, which satisfied security concerns there, is appropriate given the situation in this case.

Defendants persuasively argue their source code should remain in the Palo Alto office because technical support is available only in Palo Alto should Plaintiffs require such support. While Plaintiffs assert their consultants have spent a lot of time away from home, removed from their support resources, to review Defendants' source code in Palo Alto, the Court does not find Plaintiffs' assertions of inconvenience and expense establish good cause for altering the system in which Defendants' source code has been made available to Plaintiffs for their review for the last several months.

The Court also finds unpersuasive Plaintiffs' argument that the current system creates an intrusion into Plaintiffs' work product because Defendants would know which counsel and/or experts were reviewing the code and any sections they choose to print. Plaintiffs acknowledge they have received a hard copy of the source code. This portion of Plaintiffs' motion is denied.

**C.   Interrogatories**

As noted by Defendants and not disputed by Plaintiffs, this portion of Plaintiffs' motion is moot. Accordingly, it is

**ORDERED** that Polycom's Motion to Compel Discovery Relating to Accused Codian Products (Docket Entry # 53) is hereby **GRANTED IN PART and DENIED IN PART**. It is further

**ORDERED** that to the extent they have not already done so, within thirty days from the date

of entry of this Order, Defendants shall produce to Plaintiffs documents and written discovery responses regarding the MCU 4200, MSE 8000, and IP VCR 2200 accused products.

**SIGNED this 22nd day of January, 2007.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE